Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT
## for the
## District of Hawaii
## _____ Division

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
29 Jan. 2021 10:06 AM lrs
Michelle Rynne, Clerk of Court

Dr. Alyssa Friedberg
Paul Shindell

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Cathy Betts, Elladine Olevao, Kintaro Yonekura, Iwalani Kaauwai-Herrod, Kirstie Kashima and Hawaii Department of Human Services. Each individual is being sued in both personal and professional capacity.

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. Civil 21-00068-LEK-KJM
*(to be filled in by the Clerk's Office)*

*Demand of Jury Trial*

## COMPLAINT AND REQUEST FOR INJUNCTION

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Dr. Alyssa Friedberg and Paul Shindell (a married couple) |
   | Street Address | 4987B Ea Road |
   | City and County | Kapaa, County of Kauai |
   | State and Zip Code | Hawaii, 96746 |
   | Telephone Number | 856-383-2271 and 808-635-1420 |
   | E-mail Address | alyssaspt@gmail.com and pshindell04@gmail.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Cathy Betts |
| Job or Title (if known) | Director of Hawaii Department of Human Services |
| Street Address | 1390 Miller Street, Room 209 |
| City and County | the city and county of Honolulu |
| State and Zip Code | Hawaii, 96813 |
| Telephone Number | 808-586-4993 |
| E-mail Address (if known) | cbetts@dhs.hawaii.gov |

Defendant No. 2

| | |
|---|---|
| Name | Elladine Olevao |
| Job or Title (if known) | State of Hawaii Child Welfare Services Branch Administrator |
| Street Address | 1010 Richards Street |
| City and County | the city and county of Honolulu |
| State and Zip Code | Hawaii, 96813 |
| Telephone Number | (808) 586-5708 |
| E-mail Address (if known) | eolevao@dhs.hawaii.gov |

Defendant No. 3

| | |
|---|---|
| Name | Kintaro Yonekura |
| Job or Title (if known) | Assistant Program Development Administrator for DHS |
| Street Address | 1010 Richards Street, Room 216 |
| City and County | the city and county of Honolulu |
| State and Zip Code | Hawaii, 96813 |
| Telephone Number | (808) 586-5699 |
| E-mail Address (if known) | KYonekura@dhs.hawaii.gov |

Defendant No. 4

| | |
|---|---|
| Name | Iwalani Kaauwai-Herrod |
| Job or Title (if known) | Kauai Child Welfare Services Section Administrator |
| Street Address | 3060 Eiwa Street Room 104 |
| City and County | Lihue, County of Kauai |
| State and Zip Code | Hawaii, 96766 |
| Telephone Number | (808) 274-3300 |
| E-mail Address (if known) | IKaauwai-Herrod@dhs.hawaii.gov |

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question   ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

1. Violation of Interstate Compact on the Placement of Children (ICPC)
2. Violation of Interstate Compact on Adoption and Medical Assistance (ICAMA)
3. 42 U.S. Code § 1983: Violation of the 1st Amendment of the United States Constitution
5. 42 U.S. Code § 1983: Violation of the 14th Amendment of the United States Constitution
6. Section 4 of the Hawaii Bill of Rights: FREEDOM OF RELIGION, SPEECH, PRESS, ASSEMBLY AND PETITION
7. Section 5 of the Hawaii Bill of Rights: DUE PROCESS AND EQUAL PROTECTION
8. Loss of Consortium

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,
    and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

b. If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ , and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

1. On December 3, 2020 the State of Hawaii, Department of Human Services, Administrative Appeals Office, Hearing Officer Jerel Fonseca came to the following decision: "This decision finds that, based upon the totality of circumstances, the Department incorrectly denied Claimants' application for General Licensed Resource Caregivers, submitted on August 31, 2020. Hawaii Administrative Rules §§17-1625-13; 17-1625-15; 17-1625-17." Hearing Officer Jerel Fonseca gave the following order: "The undersigned Hearings Officer after having carefully reviewed the testimony presented at the hearing, all evidence, administrative rules and policy clarifications regarding this matter, issues a decision favorable to the Claimants. This decision finds that the Department incorrectly denied Claimants' application for General Licensed Resource Caregivers, submitted to the Department on August 31, 2020, where the facts only established Claimants' occasional marijuana use, and where no evidence establishing a "substance abuse" by Claimants was presented. See Hawaii Administrative Rules §§17-1625-13; 17-1625-15; 17-1625-17." The plaintiffs respectfully invite the Court to read the Administrative Appeals Hearing Decision in its entirety as attached as Exhibit A.

2. On December 18, 2020, Ms. Kaauwai-Herrod, called Mr. Shindell and told him over the phone that the Department would never place children in their home regardless of the Administrative Appeals decision or any future court decision because it is solely at the Department's "discretion" to place children in homes. On December 21, Ms. Olevao, told the plaintiffs together over the phone the same thing: that the Department would never place children in their home regardless of the Administrative Appeals decision or any future court decision because it is solely at the Department's "discretion" to place children in homes. On January 21, over video call, Mr. Yonekura, told Mr. Shindell the same thing: that the Department would never place children in their home regardless of the Administrative Appeals decision or any future court decision because it is solely at the Department's "discretion" to place children in homes. Ms. Kaauwai-Herrod and Ms. Kashima were also present during this video call. During this video call, Mr. Yonekura also told Mr. Shindell that the Department would not cooperate with AdoptUSKids or any other adoption agencies and would not release copies of Paul and Alyssa's home study to any interested parties. It is normal practice for the Department to cooperate and answer questions and submit requested documents to AdoptUSKids and other adoption agencies; however, the defendants refuse to cooperate or respond to the questions that AdoptUSKids emailed to Ms. Kashima on December 23, 2020 regarding the plaintiffs.

4. On the January 21, 2021 video call mentioned above, Ms. Kashima and Mr. Yonekura stated that the plaintiffs have met all the qualifications and requirements to receive their General Resource Caregiver Licenses, and their license would be issued that day.

5. On January 22, 2021, the plaintiffs emailed Ms. Kashima and cc'd LaQueena Warren of Texas' Department of Family & Protective Services (LaQueena.Warren@dfps.texas.gov) requesting that Ms. Kashima send a copy of the home study over to Ms. Warren. On January 22, 2021, Ms. Kashima replied to the plaintiffs' email, "…we will not be sending or authorizing any of your requested information on any adoption/foster website or agency. Please do not send any additional requests as they will be denied." On January 26, 2021, Ms. Kaauwai-Herrod, emailed the plaintiffs in regards to their request to send Ms. Warren of Texas the home study, "I have contacted our Assistant Program Development Administrator in regards to ICPC requests. The home study on your family is owned by the Department and we will not be forwarding this as you requested."

6. On January 24, 2021, the plaintiffs emailed Ms. Betts regarding their situation and requesting to schedule a video call to come to a mutually beneficial solution. Ms. Betts never responded.

7. On January 28, 2021 the plaintiffs made formal complaints with the HI Dept of Human Services Civil Rights Compliance Office via phone conversation with Jan Au, via voicemail left at 808-586-4955, and by emailing completed Discrimination Complaint forms DHS 6000 and DHS 6006 that they are being discriminated against by the defendants on the basis of their Jewish religion and ancestry.

8. The stress, anxiety, and consumption of time resulting from the wrongful denial of the plaintiffs application on August 31, 2020 and the defendants failure to follow the Administrative Appeals Hearing decision of December 3, 2020 has resulted in decreased intercourse between the plaintiffs

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

    B.    What date and approximate time did the events giving rise to your claim(s) occur?

        See "A."

    C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

        See "A."

## IV. Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

Raising children is perhaps the greatest purpose in most peoples' lives. Raising children has been one of the greatest, if not the greatest, purpose of humanity ever since before humans were even homo sapiens. Countless species raise and parent children.

Conversely, money is purely a modern construct that exists only in certain human societies. 90% of today's American dollars are purely digital, just code on server not backed up by anything tangible - subject to disappear by cyberattack, hyperinflation or solar flare.

To try to measure lost years of parenthood - missing your children's' first day of school, birthdays, holidays, teaching them to ride a bike, etc. - is a ridiculous exercise. No good parent who already has ample financial security would trade a year of parenthood for some money. This exercise in trying to put a dollar amount on a lost year of parenthood becomes especially outrageous if a parent is told they could only receive the money if their children spent that year in foster care with no true parents to raise them. No good parent who already has ample financial security would trade a year of parenthood to have her children remain in foster care in exchange for money.

Many studies have shown that money is not linked to happiness for Americans who have more than $105,000 in annual income. As a married couple, the plaintiffs exceed $105,000 in annual income, so money will never be able to compensate them for the lost happiness they would have had parenting or in the free time they would have had not fighting the defendants.

Additionally, the high stress levels and opportunity cost of lost time the plaintiffs have incurred taking on the State of Hawaii by themselves with no attorney have incurred damages that are worth far more than money. Alyssa Friedberg has a history of high blood pressure. The defendants' unjust treatment of her and her husband has certainly not been helping her blood pressure and health.

Parenthood, health, and time in this finite life have held the upmost value in every human culture that has ever existed. The American dollar has not. The plaintiffs have suffered irreparable injury which cannot be measured in dollars.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The plaintiffs respectfully petition the Court to issue a preliminary and permanent injunction and declaratory judgement against the defendants to treat the plaintiffs no better or worse than any other general license resource caregivers. This would include actively seeking to place foster children into their home; allowing the plaintiffs to proceed through any necessary steps to allow their home to include being licensed to adopt; and cooperating with standard requests made by other agencies and states regarding the plaintiffs and their home study, resource caregiver license and other information and documents. Furthermore, the plaintiffs respectfully petition the Court to find the defendants in contempt of court for not complying with the December 3, 2020 Administrative Hearing decision. Additionally, the plaintiffs respectfully petition the Court to direct the defendants to expunge from their home study and resource caregiver case file any mention of them ever being denied their resource caregiver license, the conversations and arguments stemming from the wrongful denial of the plaintiffs' resource caregiver license back in August 2020, and any allegations that the plaintiffs have been thought to be substance abusers.

Furthermore, Mr. Paul Shindell and Dr. Alyssa Friedberg are seeking damages for reimbursement of their time, aggravation, pain and suffering, decreased amounts of intercourse, lost time as parents, damages for their future adoptive children having to remain in foster care instead of as adopted children, as well as punitive damages for the defendants' gross negligence, flagrant disregard of the Administrative Appeal Decision, and flagrant disregard of the ICPC and ICAMA interstate compacts. We are seeking this since the Administrative Hearing ruled that Mr. Paul Shindell and Dr. Alyssa Friedberg should have received their general resource caregiver license with no issue back in August 2020 when their application was submitted to the defendants.

Moreover, the plaintiffs are seeking damages for the cost of filing this complaint and request for injunction of $402.

Additionally, if the plaintiffs decide to hire a private or nonprofit adoption firm during the course of this lawsuit in order to pursue adoption, the plaintiffs also request damages for reimbursement of any fees, costs, and time they would have to pay and devote. To pursue adoption out of the foster care system would essentially just require a repeat of the exact same process, paperwork, and documents that were already submitted properly to the defendants.

For these above reasons, the plaintiffs are filing suit against Hawaii Department of Human Services. For the above reasons, the plaintiffs are also filing suit against the remaining defendants (Cathy Betts, Elladine Olevao, Kintaro Yonekura, Iwalani Kaauwai-Herrod, and Kirstie Kashima) in both a personal and professional capacity.

The plaintiffs value the actual incurred damages at $150,402 plus they are seeking punitive damages of $50,000, plus any future legal or attorney fees, and any future costs incurred through private adoption agencies.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 1/29/2021 and 1/29/2021

Signature of Plaintiff: [signature] and [signature]

Printed Name of Plaintiff: Dr. Alyssa Friedberg and Paul Shindell

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Street Address: _____
State and Zip Code: _____
Telephone Number: _____
E-mail Address: _____

Attachment to Pro Se 2 Complaint and Request for Injunction
Dr. Alyssa Friedberg and Paul Shindell v. Cathy Betts, et al.

Defendant No. 5

| | |
|---|---|
| Name | Kirstie Kashima |
| Job or Title | Foster Care Program Social Worker |
| Street Address | 3060 Eiwa St. Room 104 |
| City and County | Lihue, County of Kauai |
| State and Zip Code | Hawaii, 96766 |
| Telephone Number | (808) 274-3303 |
| Email Address | KKashima@dhs.hawaii.gov |

Defendant No. 6

| | |
|---|---|
| Name | Hawaii Department of Human Services |
| Job or Title | |
| Street Address | 1390 Miller Street, Room 209 |
| City and County | city and county of Honolulu |
| State and Zip Code | Hawaii, 96813 |
| Telephone Number | 808-586-4994 |
| Email Address | dhs@dhs.hawaii.gov |