# MINUTE ORDER

CASE NUMBER:       CIVIL NO. 21-00068 LEK-KJM

CASE NAME:         Dr. Alyssa Friedberg et al., vs. Cathy Betts et al.,

JUDGE:    Leslie E. Kobayashi       DATE:       04/21/2021

COURT ACTION: EO: COURT ORDER REGARDING THE EFFECT OF PLAINTIFFS' AMENDED COMPLAINT AND REQUEST FOR INJUNCTION ON THE MOTIONS PENDING BEFORE THIS COURT

    Pro se Plaintiffs Dr. Alyssa Friedberg and Paul Shindell ("Plaintiffs") initiated this action on January 29, 2021. See Complaint and Request for Injunction ("Complaint"), filed 1/29/21 (dkt. no. 1). On April 19, 2021, Plaintiffs filed their Amended Complaint and Request for Injunction ("Amended Complaint"). [Dkt. no. 34.]

## I.   Motion to Dismiss

    On April 9, 2021, Defendants Cathy Betts, Elladine Olevao, Kintaro Yonekura, Iwalani Kaauwai-Herrod, Kirstie Kashima, and the Hawai`i Department of Human Services filed a motion to dismiss the original Complaint ("Motion to Dismiss"). [Dkt. no. 31.] Because Plaintiffs filed the Amended Complaint, the original Complaint is now treated as if it no longer exists. See Lacey v. Maricopa Cnty., 693 F.3d 896, 925 (9th Cir. 2012) (en banc) (stating that an "amended complaint supersedes the original, the latter being treated thereafter as non-existent" (citations and internal quotation marks omitted)). The Motion to Dismiss, which addresses the original Complaint, is therefore DENIED AS MOOT. The denial of the Motion to Dismiss is WITHOUT PREJUDICE to the filing of a new motion to dismiss addressing the Amended Complaint.

    However, before the defendants file a motion to dismiss the Amended Complaint, they are encouraged to meet and confer with Plaintiffs to discuss whether they will stipulate to allow further amendment through the filing of a second amended complaint. The Court emphasizes that: a complaint filed by a pro se party is liberally construed; Erickson v. Pardus, 551 U.S. 91, 94 (2007) (per curiam); and a pro se plaintiff is generally granted leave to amend before an action is dismissed with prejudice, see Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." (citations omitted)).

## II.     Motion for Injunctive Relief

On March 18, 2021, Plaintiffs filed a motion that has been construed as a motion seeking injunctive relief ("Motion for Injunctive Relief"). [Dkt. nos. 23 (Motion for Injunctive Relief), 26 (entering order construing motion).] In light of the filing of the Amended Complaint, the Motion for Injunctive Relief is DENIED WITHOUT PREJUDICE to the filing of a new motion seeking injunctive relief that refers to the Amended Complaint.

This entering order does not affect Plaintiffs' Motion to Compel, [filed 3/30/21 (dkt. no. 27),] which is currently pending before the magistrate judge.

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager