UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DR. ALYSSA FRIEDBERG AND PAUL SHINDELL,<br><br>          Plaintiffs,<br><br>     vs.<br><br>CATHY BETTS, ELLADINE OLEVAO, KINTARO YONEKURA, IWALANI KAAUWAI-HERROD, KIRSTIE KASHIMA, HAWAII DEPARTMENT OF HUMAN SERVICES, STACIE PASCUAL, JAMES WALTHER, AND RYAN AKAMINE,<br><br>          Defendants. | CIV. NO. 21-00068 LEK-KJM |

**ORDER GRANTING PLAINTIFFS' MOTION FOR**
**VOLUNTARY NONSUIT FOR JAMES WALTHER AND RYAN AKAMINE**
**FOR ALL CLAIMS AND VOLUNTARY NONSUIT FOR**
**<u>RELIGIOUS DISCRIMINATION CLAIMS AGAINST ALL DEFENDANTS</u>**

On April 11, 2022, pro se Plaintiffs Dr. Alyssa Friedberg and Paul Shindell ("Plaintiffs") filed their "Motion for Voluntary Nonsuit for James Walther and Ryan Akamine for All Claims and Voluntary Nonsuit for Religious Discrimination Claims Against All Defendants" ("Motion"). [Dkt. no. 172.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").

The operative pleading is Plaintiffs' Amended Complaint and Request for Injunction, filed on December 31, 2021

("Third Amended Complaint").  [Dkt. no. 147.]  Plaintiffs' Motion is liberally construed as a motion to voluntarily dismiss the Third Amended Complaint as to all of Plaintiffs' claims against Defendants James Walther ("Walther") and Ryan Akamine ("Akamine"), as well as Plaintiffs' religious discrimination claims against all defendants.  This Court previously informed the parties that it was inclined to grant Plaintiffs' Motion and to dismiss those claims with prejudice, and this Court directed the parties to file any objections to the inclination by April 25, 2022.  See Minute Order - EO: Court Order Regarding Plaintiffs' Motion to Dismiss, filed 4/11/12 (dkt. no. 173).  No party filed objections.

      Fed. R. Civ. P. 41(a), titled "Voluntary Dismissal," states, in relevant part:

> (1)  By the Plaintiff.
>
> > (A)  Without a Court Order.  Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> >
> > > (i)  a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> > >
> > > (ii) a stipulation of dismissal signed by all parties who have appeared.
> >
> > (B)  Effect.  Unless the notice or stipulation states otherwise, the dismissal is without prejudice.  But if the plaintiff previously dismissed any federal- or state-

> court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> (2)  By Court Order; Effect.  Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Rule 41(a)(1)(A) does not apply because the defendants filed an answer to the Third Amended Complaint on January 13, 2022, [dkt. no. 149,] and the parties have not submitted a stipulation of dismissal.  A court order is therefore required, pursuant to Rule 41(a)(2).

"The phrase 'terms that the court considers proper' provides district courts the discretion to dismiss with or without prejudice."  Diamond State Ins. Co. v. Genesis Ins. Co., 379 F. App'x 671, 673 (9th Cir. 2010) (citing Hargis v. Foster, 312 F.3d 404, 412 (9th Cir. 2002)).  In the instant case, Plaintiffs' religious discrimination claims were among the claims that they asserted in their original complaint.  See Complaint and Request for Injunction, filed 1/29/21 (dkt. no. 1), at ¶ III.A.7.  The fact that Plaintiffs now, after more than a year of litigation and shortly before the dispositive motions deadline,[1] seek to voluntarily dismiss their religious

---

[1] Plaintiffs filed the instant Motion on April 11, 2022, two days before the dispositive motions deadline.  See First Amended Rule 16 Scheduling Order, filed 12/20/21 (dkt. no. 142), at ¶ 7.

discrimination claims strongly suggests that they recognize that they cannot prevail on these claims.

Walther and Akamine were added as defendants in Plaintiffs' First Amended Complaint. See Amended Complaint and Request for Injunction, filed 4/19/21 (dkt. no. 34) ("First Amended Complaint"), at pg. 3. According to the Third Amended Complaint, Walther is a "Deputy Attorney General, Supervisor-Human Services Division." [Third Amended Complaint at pg. 3.] In addition, the Third Amended Complaint alleges Akamine is a Deputy Attorney General, [id.,] and the Court notes that Akamine was previously counsel of record in this case for the other defendants. See, e.g., Defendants' Motion to Dismiss Complaint and Request for Injunction, Filed January 29, 2021 [ECF No. 1], filed 4/9/21 (dkt. no. 31) (filed by Akamine). Plaintiffs allege "James Walther and perhaps others at the Attorney General's Office including Ryan Akamine have been in conspiracy with [the Department of Human Services] and its employees to deprive us of our rights and due process and discriminate and/or retaliate against us." [Third Amended Complaint at pgs. 32-33.] The Third Amended Complaint includes very limited allegations that specifically address Walther's and Akamine's respective actions and omissions. See, e.g., id. at pgs. 32-33, 40. Similar to their religious discrimination claims, the fact that Plaintiffs now seek to voluntarily dismiss their claims against

4

Walther and Akamine strongly suggests that Plaintiffs recognize that they cannot prevail on these claims.

Because Plaintiffs wish to dismiss their religious discrimination claims and their claims against Walther and Akamine, and no party has filed any objections, those claims are dismissed. In addition, this Court, in its discretion, concludes that dismissal with prejudice is appropriate under the circumstances of this case. In other words, Plaintiffs will not be allowed to pursue those claims at a later date, either in this action or in a separate action.

The Ninth Circuit has recognized that a plaintiff who has moved for a voluntary dismissal must be given the express option of withdrawing his motion for voluntary dismissal and proceeding with the case if he believes that the terms of the dismissal "are too onerous." See Lau v. Glendora Unified Sch. Dist., 792 F.2d 929, 930 (9th Cir. 1986) (citations omitted). If Plaintiffs believe that dismissal with prejudice is too onerous and they wish to withdraw the instant Motion, they must file a motion for reconsideration of this Order by **May 17, 2022.**

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Voluntary Nonsuit for James Walther and Ryan Akamine for All Claims and Voluntary Nonsuit for Religious Discrimination Claims Against All Defendants, filed April 11, 2022, is HEREBY GRANTED.

All of Plaintiffs' claims against Walther and Akamine, and Plaintiffs' religious discrimination claims against all defendants, are DISMISSED WITH PREJUDICE.  In light of the dismissal of Plaintiffs' claims against Walther and Akamine, Defendants James Walther and Ryan Akamine's Motion for Summary Judgment, [filed 4/13/22 (dkt. no. 178),] is DENIED AS MOOT.

There being no remaining claims against Walther and Akamine, the Clerk's Office is DIRECTED to terminate them as parties on **May 18, 2022,** unless Plaintiffs file a timely motion for reconsideration of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 3, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

DR. ALYSSA FRIEDBERG, ET AL. VS. CATHY BETTS, ET AL; CV 21-00068 LEK-KJM; ORDER GRANTING PLAINTIFFS' MOTION FOR VOLUNTARY NONSUIT FOR JAMES WALTHER AND RYAN AKAMINE FOR ALL CLAIMS AND VOLUNTARY NONSUIT FOR RELIGIOUS DISCRIMINATION CLAIMS AGAINST ALL DEFENDANTS