UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DR. ALYSSA FRIEDBERG AND PAUL SHINDELL,<br><br>        Plaintiffs,<br><br><br>   vs.<br><br>CATHY BETTS, ELLADINE OLEVAO, KINTARO YONEKURA, IWALANI KAAUWAI-HERROD, KIRSTIE KASHIMA, HAWAII DEPARTMENT OF HUMAN SERVICES, STACIE PASCUAL, JAMES WALTHER, AND RYAN AKAMINE,<br><br><br>        Defendants. | CIV. NO. 21-00068 LEK-KJM |

**ORDER DENYING PLAINTIFFS' OBJECTION TO THE MAGISTRATE JUDGE'S FEBRUARY 25, 2022 MINUTE ORDER AND MARCH 8, 2022 ORDER**

On February 25, 2022, the magistrate judge held a hearing on pro se Plaintiffs Dr. Alyssa Friedberg ("Dr. Friedberg") and Paul Shindell's ("Shindell" and together "Plaintiffs") 4th Motion to Compel Discovery Including Call for Sanctions ("Fourth Motion to Compel"), and the magistrate judge set forth his rulings on the Fourth Motion to Compel in the hearing minutes ("2/25/22 Minute Order"). See Fourth Motion to Compel, filed 1/24/22 (dkt. no. 150); 2/25/22 Minute Order, filed 2/25/22 (dkt. no. 160). On March 8, 2022, the magistrate judge issued the Order Regarding Defendants' Supplemental Privilege Log and Accompanying Documents ("3/8/22 Order"). [Dkt. no. 161.]

Before the Court is Plaintiffs' "Objection to Orders ECF 160 and ECF 161" ("Objection"), filed on March 11, 2022. [Dkt. no. 163.]  Defendants Cathy Betts ("Betts"), Elladine Olevao ("Olevao"), Kintaro Yonekura ("Yonekura"), Iwalani Kaauwai-Herrod ("Kaauwai-Herrod"), Kirstie Kashima ("Kashima"), the Hawai`i Department of Human Services ("DHS"), and Stacie Pascual ("Pascual" and collectively "Defendants") filed their response to the Objection on March 29, 2022 ("Response").[1]  [Dkt. no. 169.]  The Court has considered the Objection as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  Plaintiffs' Objection is hereby denied for the reasons set forth below.

## BACKGROUND

The operative pleading in this case is Plaintiffs' Amended Complaint and Request for Injunction, filed on December 31, 2021 ("Third Amended Complaint").  [Dkt. no. 147.] The crux of Plaintiffs' claims is that, although they have been

---

[1] The Response was also filed on behalf of James Walther ("Walther") and Ryan Akamine ("Akamine"), who were defendants at the time the Response was filed.  See Response at 2.  However, all of Plaintiffs' claims against Walther and Akamine have since been dismissed with prejudice, and they have been terminated as parties.  See Order Granting Plaintiffs' Motion for Voluntary Nonsuit for James Walther and Ryan Akamine for All Claims and Voluntary Nonsuit for Religious Discrimination Claims Against All Defendants, filed 5/3/22 (dkt. no. 187).

granted a license to be resource caregivers,[2] Defendants have denied Plaintiffs any placement of foster children in their home.  Plaintiffs also allege Defendants' actions and omissions have impaired Plaintiffs' efforts to secure a foster or adoption placement through agencies that are based outside of the State of Hawai`i.  Plaintiffs assert various claims alleging Defendants violated state and federal law and violated Plaintiffs' constitutional rights.  Plaintiffs also assert state law tort claims.

Plaintiffs' Fourth Motion to Compel addressed multiple objections to Defendants' responses to several discovery requests.  The Fourth Motion to Compel requested various discovery sanctions, such as monetary sanctions and the opportunity to conduct additional discovery.  Some of Plaintiffs' objections were granted, but the majority of them were denied.  See generally 2/25/22 Minute Order.  One of the areas where the magistrate judge granted Plaintiffs' objections was Plaintiffs' objections to Defendants' supplemental privilege log.  The magistrate judge stated he would review Defendants' privilege log and conduct an *in camera* review of specific documents identified in the 2/25/22 Minute Order.  [Id. at ¶ F.]

---

[2] "Resource caregivers" ("RCGs") are also known as "foster parents" or "foster care providers."  See Order Denying Plaintiffs, Motion for Injunctive Relief, filed 7/30/21 (dkt. no. 82), at 2 n.1 (citation omitted).

3

In the 3/8/22 Order, the magistrate judge ruled that two of the documents were not protected by either the attorney-client privilege or the work-product doctrine and ordered Defendants to produce them to Plaintiffs.  See 3/8/22 Order at ¶¶ 3-4.  The magistrate judge ruled that the other five documents were protected by the attorney-client privilege and the work-product doctrine.  See id. at ¶¶ 1-2, 5-7.

Plaintiffs object to the 2/25/22 Minute Order and the 3/8/22 Order on the following grounds:

-the orders fail to address the Fourth Motion to Compel's request for sanctions;

-the magistrate judge erred in ruling that defense counsel's refusal to meet and confer with Plaintiffs regarding the issues raised in the Fourth Motion to Compel was excusable because a further meet-and-confer would have been futile; see 2/25/22 Minute Order at ¶ A;

-paragraph I of the 2/25/22 Minute Order improperly denied Plaintiffs' Fourth Motion to Compel as to allegedly improper conduct during depositions on the ground that the motion did not include sufficient discussion of the deposition transcripts, see id. at ¶ I, because Plaintiffs did provide specific citations to the improper conduct;

-the magistrate judge erred in ruling that, as to Request 10 in Plaintiffs' Sixth Set of Requests for Production of Documents, DHS appropriately responded that there were no additional documents to produce, see id. at ¶ M.e, because the evidence that Plaintiffs provided in the Fourth Motion to Compel shows there was a document that Defendants must either produce or explain why it no longer exists; and

-the magistrate judge erred in denying as irrelevant Plaintiffs' request to compel Kashima to respond to their Second Set of Requests for Admissions, see id. at ¶ P, because those requests for admissions are relevant to their emotional distress claims and retaliation claims, and because

Defendants' failure to respond to the requests for admissions in a timely manner constituted an admission. Defendants argue Plaintiffs' Objection to the 2/25/22 Minute Order and the 3/8/22 Order should be denied in its entirety.

## DISCUSSION

The magistrate judge's 2/25/22 Minute Order and the 3/8/22 Order are nondispositive orders.

> A magistrate judge's order on a nondispositive matter, or any portion of the order, may be reversed or modified by the district court only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Local Rule 74.1. "[R]eview under the 'clearly erroneous' standard is significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.'" Concrete Pipe & Prods. v. Constr. Laborers Pension Tr., 508 U.S. 602, 623 (1993) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). A magistrate judge's nondispositive order is "contrary to law" when the magistrate judge "fails to consider an element of the applicable legal standard." Durham v. Cty. of Maui, 742 F. Supp. 2d 1121, 1127 (D. Haw. 2010).

U.S. Equal Emp. Opportunity Comm'n v. MJC, Inc., Civ. No. 17-00371 SOM-WRP, 2019 WL 2505030, at *2 (D. Hawai`i June 17, 2019) (alteration in MJC).

## I.   Failure to Meet and Confer

This Court turns first to Plaintiffs' argument that the magistrate judge committed clear error in finding that further attempts by Defendants' counsel to meet and confer with Plaintiffs regarding the issues in the Fourth Motion to Compel

would have been futile.  Plaintiffs argue their reply in support of the Fourth Motion to Compel presents evidence that a meet-and-confer session would have been productive, and therefore Defendants should have been sanctioned because their counsel refused to meet and confer.  Plaintiffs stated:

> Regarding interrogatories #4, had [Defendants' counsel] conferred with us and verbally told us exactly what he had written in his ECF 156 Opposition regarding interrogatories #4, we would have never asked this Court to compel discovery on it.  However, he refused to confer and wasted his, our, and this Court's time on the matter. We withdraw our request for further response regarding interrogatories #4.

[Plaintiffs' Mem. in Reply to ECF 156 Opp. to ECF 150 Motion to Compel Discovery Including Call for Sanctions, filed 2/16/22 (dkt. no. 158), at 12.]  However, Plaintiffs' Fourth Motion to Compel raised numerous issues, and Plaintiffs only identify one issue that could have been resolved if the parties had met and conferred.  Thus, even if the parties had met and conferred, Plaintiffs would still have proceeded with their Fourth Motion to Compel.  The magistrate judge therefore did not commit clear error when he found that a telephonic meet-and-confer regarding the issues identified in the Fourth Motion to Compel "would unfortunately not have been productive."  See 2/25/22 Minute Order at ¶ A.  Plaintiffs' Objection is denied as to this issue.

6

## II.  **Deposition Conduct**

In the Fourth Motion to Compel, Plaintiffs argued they were entitled to discovery sanctions because of allegedly improper conduct by Defendants' counsel during Kashima's deposition, Yonekura's deposition, and the deposition of DHS's Fed. R. Civ. P. 30(b)(6) representative.  [Fourth Motion to Compel at 12-14.]  In the 2/25/22 Minute Order, the magistrate judge denied Plaintiffs' request for discovery sanctions, stating: "It is not the Court's role to sift through entire deposition transcripts and rule on the many long-winded statements, questions, objections, and answers that took place without robust, particularized briefing.  The Court also DENIES Plaintiffs' request to re-depose these witnesses or increase the number of permitted interrogatories."  [2/25/22 Minute Order at ¶ I (emphasis in original).]

In their Objection, Plaintiffs argue they provided specific page and line number citations to the deposition transcripts discussed in the Fourth Motion to Compel, and they argue the magistrate judge improperly required "robust, particularized briefing" from Plaintiffs, in spite of their pro se status.  It is true that Plaintiffs' filings must be liberally construed because they are proceeding pro se.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, pro se parties are still required to "follow the same

rules of procedure that govern other litigants." Armijo v. Costco Wholesale Warehouse, Inc., Civ. No. 19-00484-ACK-RT, 2021 WL 1240622, at *2 (D. Hawai`i Apr. 2, 2021) (citing Motoyama v. Haw. Dep't of Transp., 864 F. Supp. 2d 965, 975 (D. Hawai`i 2012)).  Although Plaintiffs did provide page and line number citations to the deposition transcripts, Plaintiffs raised numerous arguments regarding defense counsel's conduct during the depositions, and they did not specify which citations corresponded to which arguments.  Plaintiffs' general argument was:

> Attorney Moser made numerous wrongful instructions to his clients not to answer questions, improper speaking objections, suggestive objections, and argumentative objections as well as loud outbursts of laughter and a loud fake yawn (highlighted sections of ECF 119-4; Exhibit BI (p 26, line 17 – p 27, line 3; p 39, line 20; p 47, lines 20-25; p 70, lines 15-17; p 74, line 13 – p 75, line 21; p 100, line 23; the entirety of p 108; and p 119, line 1 – page 121, line 12); Exhibit BH (p 52, line 24; p 68 line 20 – p 70, line 12 (in which he voices a long argumentative speaking "objection" to what he claims was not a question, and then we repeat the question and he does not object); p 74, line 18 – p 75, line 1; p 99, lines 16 – p 101, line 16; p 151, lines 10-19; p 159, line 24 – p 160, line 21 with an emphasis on lines 11 and 20).  In the instances cited in the prior sentence in which this Court finds that the Defendants should have answered the questions but didn't, we ask that this Court will overrule those objections and order the Defendant(s) to answer.

[Fourth Motion to Compel at 12.]  Further, to the extent that
Plaintiffs contended defense counsel improperly instructed the
witnesses not to answer Plaintiffs' questions, the Fourth Motion
to Compel did not specify why each of defense counsel's
instructions not to answer was improper.  Specifically as to the
Rule 30(b)(6) deposition, Plaintiffs argued: Defendants
presented a witness who was not prepared to answer questions
that a Rule 30(b)(6) witness should be able to answer; and
defense counsel improperly instructed the witness not to answer
some of Plaintiffs' questions based on privilege.  [Id. at 13-
14.]  Although Plaintiffs cited specific page and line numbers
in support of these arguments, they did not provide any specific
analysis of the subject matters that the Rule 30(b)(6) witness
was unprepared to answer, nor did Plaintiffs make specific
arguments regarding why each assertion of privilege was
improper.

        Essentially, the magistrate judge declined to address
the merits of the Fourth Motion to Compel's argument regarding
conduct during deposition because Plaintiffs did not adequately
brief the issue.  In so doing, the magistrate judge neither made
a clearly erroneous finding of fact nor made a ruling that was
contrary to law.  This Court therefore denies Plaintiffs'
Objection as to their challenge to this ruling.  To the extent
that Plaintiffs contend they could have presented additional

9

analysis in support of their argument, but they did not realize they were required to do so, Plaintiffs should have moved for reconsideration.

## III. **Undisclosed Version of Plaintiffs' Home Study**

Plaintiffs object to the denial of their request to compel a response to request number 10 of their Sixth Set of Request for Production of Documents to DHS.  See Objection at 5; 2/25/22 Minute Order at ¶ M.e.  Plaintiffs argued there was a version of Plaintiffs' home study that DHS received on August 31, 2020, and that home study was used as a basis for the September 8, 2020 denial of Plaintiffs' application for an RCG license.  Plaintiffs contended that version of the home study was never provided to them.  They asked the magistrate judge to compel production of that version and, if that version no longer exists, to require DHS to inform Plaintiffs why that version no longer exists.  See Fourth Motion to Compel at 17–18.

Defendants responded: "Plaintiffs have been told repeatedly that there are only two home studies, the original home study dated September 8, 2020 and the revised home study dated January 15, 2021, both of which were produced to them . . . ."  [Mem. in Opp. to Plaintiffs 4th Motion to Compel Discovery Including Call for Sanctions, filed 2/9/22 (dkt. no. 156), at 9.]  The magistrate judge was satisfied with

Defendants' response and denied this portion of the Fourth Motion to Compel.  [2/25/22 Minute Order at ¶ 10.e.]

Plaintiffs argue that, based on the evidence they presented with the Fourth Motion to Compel, the magistrate judge committed clear error in finding there were no other documents to produce.  Specifically, they point to DHS's discovery response:

> 10.  Produce the version of our home study received by DHS for approval on August 31, 2020.
>
> The version of the home study on file with DHS as of August 31, 2020 was previously produced as part of DHS 0001 to DHS 0581.

[Fourth Motion to Compel, Exh. AZ (DHS's Answers to Plaintiffs Dr. Alyssa Friedberg and Paul Shindell's Fifth Set of Interrogatories to Defendant Hawaii Department of Human Services) at PageID #: 2347.]  Plaintiffs also point to the video recording of their November 13, 2020 videoconference administrative hearing challenging the denial of their application for a RCG license.  Kashima referred to an August 31, 2020 home assessment prepared by Corrina Mullen, M.S., Partners in Development Foundation ("PIDF"), Hui Ho`omalu Program Assessor.  Kashima stated the assessment noted that Plaintiffs both admitted to recreational marijuana use.  See Fourth Motion to Compel, Exh. BG (DVD) at 19:24-19:37.

It is unclear why the answer to Interrogatory number 10 and Kashima's statement at the administrative hearing refer to a home assessment dated **August 31, 2020**.  However, this Court notes that the **September 8, 2020** Resource Family Home Study was prepared by Corrina Mullen, M.S., who is with the PIDF, Hui Ho`omalu Program ("9/8/20 Home Study"), and the 9/8/20 Home Study contains information about Plaintiffs' marijuana use. See Defendants' Concise Statement of Material Facts in Supp. of Motion for Summary Judgment, filed 4/13/20 (dkt. no. 181), Decl. of Kirstie Kashima, Exh. C (9/8/20 Home Study) at DHS 0058, DHS 0062.  Thus, with the exception of the date, the 9/8/20 Home Study is consistent with information provided in Interrogatory number 10 and in Kashima's statement during the administrative hearing.  The magistrate judge did not commit clear error in finding that there was no other version of the home study for Defendants to either produce or explain their inability to produce.  Plaintiffs' Objection is denied as to their argument regarding paragraph 10.e of the 2/25/22 Minute Order.

## IV.   Request for Admissions to Kashima

On January 14, 2022, Plaintiffs served their "2nd Set of Requests for Admission to Defendant Kirstie Kashima" on Defendants' counsel ("Second Kashima RFA").  [Fourth Motion to Compel, Exh. BD at PageID #: 2395-97 (Second Kashima RFA).] Defense counsel informed Plaintiffs that Kashima would not be

responding to any of the requests within the Second Kashima RFA because the requests were not relevant to Plaintiffs' claims in this case. [Id. at PageID #: 2393 (email dated 1/18/22 to Shindell from Defendants' counsel).] The magistrate judge denied the Fourth Motion to Compel as to the Second Kashima RFA, concluding that the requests were not relevant to any claims or defenses in this case. [2/25/22 Minute Order at ¶ P.]

In the Objection, Plaintiffs argue this was error because the requests are relevant to their emotional distress claims and their retaliation claims. They do not contest the magistrate judge's ruling that the requests are not relevant to the defenses in this case. See Objection at 5. All of the requests in the Second Kashima RFA relate to a January 8, 2022 incident in which Kashima allegedly went to Dr. Friedberg's workplace, attempted to speak with the owner of the establishment, and refused to identify herself to Dr. Friedberg when Dr. Friedberg asked her what her name was. See Fourth Motion to Compel, Exh. BD at PageID #: 2396-97. This incident is not the basis of Plaintiffs' emotional distress claims nor is it the basis of their retaliation claims because the incident occurred after they filed their Third Amended Complaint. Therefore, the magistrate judge did not err when he ruled that the requests in the Second Kashima RFA were not relevant to

Plaintiffs' claims.  Plaintiffs' Objection is denied as to their
challenge to paragraph P of the 2/25/22 Minute Order.

**V.    <u>Sanctions</u>**

> Plaintiffs argue neither the 2/25/22 Minute Order nor
the 3/8/22 Order address their overall request for sanctions.
While the magistrate judge ruled that "Plaintiffs' complaints
about Defendants' [repeating] arguments are no basis for
sanctions."  [2/25/22 Minute Order at ¶ H.]  The magistrate
judge did not expressly rule on any other request for sanctions,
but the other request was implicitly denied because the
magistrate judge did not impose any discovery sanctions in
either the 2/25/22 Minute Order or the 3/8/22 Order.  The relief
that the magistrate judge granted to Plaintiffs was limited in
comparison to the total relief sought in the Fourth Motion to
Compel.  The magistrate judge granted in part Plaintiffs' Fourth
Motion to Compel as to Defendants' generalized objections and
outdated objections to Plaintiffs' discovery requests.  Those
objections were stricken, but the magistrate judge did not
require Defendants to submit amended discovery responses as a
result of the striking of the objections.  See <u>id.</u> at ¶¶ B, C.
The magistrate judge also granted the Fourth Motion to Compel as
to Plaintiffs' arguments regarding Defendants' privilege log.
See <u>id.</u> at ¶ F.  However, after reviewing Defendants' privilege
log and the documents at issue, the magistrate judge only

ordered Defendants to produce two of the seven documents at issue.  <u>See generally</u> 3/8/22 Order.  Plaintiffs' Fourth Motion to Compel was denied in all other respects.  In light of the limited discovery relief granted to Plaintiffs, it was not error for the magistrate judge to deny Plaintiffs' request for sanctions.  Plaintiffs' Objection is denied as to the sanctions issue.

<u>**CONCLUSION**</u>

For the foregoing reasons, this Court concludes Plaintiffs have failed to raise any meritorious objection to either the magistrate judge's February 25, 2022 minute order ruling on Plaintiffs' 4th Motion to Compel Discovery Including Call for Sanctions or the magistrate judge's March 8, 2022 Order Regarding Defendants' Supplemental Privilege Log and Accompanying Documents.  Plaintiffs' Objection to Orders ECF 160 and ECF 161, filed March 11, 2022, is HEREBY DENIED, and the magistrate judge's 2/25/22 Minute Order and 3/8/22 Order are AFFIRMED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 30, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

DR. ALYSSA FRIEDBERG, ET AL. VS. CATHY BETTS, ET AL.; CV 21-00068 LEK-KJM; ORDER DENYING PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S FEBRUARY 25, 2022 MINUTE ORDER AND MARCH 8, 2022 ORDER