UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

DR. ALYSSA FRIEDBERG AND PAUL
SHINDELL,

         Plaintiffs,

    vs.

CATHY BETTS, ELLADINE OLEVAO,
KINTARO YONEKURA, IWALANI
KAAUWAI-HERROD, KIRSTIE KASHIMA,
HAWAII DEPARTMENT OF HUMAN
SERVICES, STACIE PASCUAL, JAMES
WALTHER, AND RYAN AKAMINE,

         Defendants.

CIV. NO. 21-00068 LEK-KJM

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR RECONSIDERATION OF ECF 229
AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION
OVER PLAINTIFFS' REMAINING STATE LAW CLAIMS**

On November 28, 2022, the Order Granting Defendants'
Motion for Summary Judgment was issued ("11/28 Order").  [Dkt.
no. 229.[1]]  Before the Court is pro se Plaintiffs Dr. Alyssa
Friedberg ("Dr. Friedberg") and Paul Shindell's ("Shindell" and
collectively "Plaintiffs") motion for reconsideration of the
11/28 Order ("Motion for Reconsideration"), filed on
December 10, 2022.  [Dkt. no. 230.]  Plaintiffs filed a
supplement to the Motion for Reconsideration ("Supplement") on
December 29, 2022.  [Dkt. no. 232.]  Defendant Stacie Pascual
("Pascual") filed her memorandum in opposition on February 1,

---

[1] The 11/28 Order is also available at 2022 WL 17251355.

2023, and Plaintiffs filed their reply on February 15, 2023.
[Dkt. nos. 234, 238.]  The Court has considered the Motion as a
non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules
of Practice for the United States District Court for the
District of Hawaii ("Local Rules").

Plaintiffs' Motion for Reconsideration is hereby
granted in part and denied in part for the reasons set forth
below.[2]  The Motion for Reconsideration is granted, insofar as
this Court withdraws the portion of the 11/28 Order that granted
summary judgment in favor of Pascual as to Plaintiffs' state law
claims against her.  The Motion for Reconsideration is denied in
all other respects.  Further, because all of Plaintiffs' federal
law claims have been disposed of, this Court declines to
exercise supplemental jurisdiction over Plaintiffs' remaining
state law claims against Pascual.  Those claims are dismissed
without prejudice to refiling in state court.

---

[2] The Court issued inclinations to guide the parties in the
preparation of their memoranda.  See Minute Order - EO: Court
Order Directing Plaintiffs to File a Supplement to Their Motion
for Reconsideration of ECF 229, filed 12/15/22 (dkt. no. 231);
Minute Order - EO: Court Order: Setting a Limited Briefing
Schedule for Plaintiffs' Motion for Reconsideration of ECF 229;
and Denying, Without Prejudice, Plaintiffs' Request to Conduct
Further Discovery, filed 1/11/23 (dkt. no. 233).  The instant
Order supersedes all inclinations regarding the Motion for
Reconsideration.

## BACKGROUND

The relevant background of this case is set forth in the 11/28 Order and will not be repeated here.  The 11/28 Order: granted summary judgment in favor of Defendants State of Hawai`i Department of Human Services ("DHS") and Cathy Betts ("Betts"), Elladine Olevao ("Olevao"), Kintaro Yonekura ("Yonekura"), Iwalani Kaauwai-Herrod ("Kaauwai-Herrod"), Kirstie Kashima ("Kashima"), and Pascual, in their official capacities ("Official Capacity Defendants"),[3] as to all of Plaintiffs' claims against them seeking damages and other retrospective relief, based on sovereign immunity; [11/28 Order at 12-16;] granted summary judgment in favor of Betts, Olevao, Yonekura, Kaauwai-Herrod, Kashima, and Pascual, in their individual capacities ("Individual Capacity Defendants"), as to Plaintiffs' 42 U.S.C. § 1983 claims against them, based on qualified immunity; [id. at 16-19;] granted summary judgment in favor of the Individual Capacity Defendants as to Plaintiffs' state law claims against them, based on the conditional privilege doctrine; [id. at 19-21;] granted summary judgment in favor of the Official Capacity Defendants as to Plaintiffs' § 1983 claims seeking prospective relief because there was no violation of

---

[3] Betts, Olevao, Yonekura, Kaauwai-Herrod, Kashima, and Pascual ("Individual Defendants") and DHS are referred to collectively as "Defendants."

Plaintiffs' constitutional rights; [id. at 21-22;] and granted summary judgment in favor of the Individual Defendants, in their official and individual capacities, as to Plaintiffs' federal law claims alleging statutory violations because the provisions Plaintiffs relied upon are not enforceable by a private party against a state official, [id. at 22].

In the Motion for Reconsideration, Plaintiffs argue there are newly discovered material facts that are relevant to the issue of malice.  [Motion for Reconsideration at 2.]  In June 2022, Kirsten Cardwell, a foster care case manager in Missouri, submitted a request pursuant to the Interstate Compact on the Placement of Children ("ICPC") to have two siblings, L.L. and C.L., placed with Plaintiffs at their home in Hawai`i on the Island of Kaua`i.  The Hawai`i ICPC office then submitted the request to Catholic Charities of Hawaii for processing. However, the Hawai`i ICPC office denied the request, and Ms. Cardwell informed Plaintiffs of the decision in a July 19, 2022 telephone call.  [Supplement, Declaration of Kirsten Cardwell ("Cardwell Decl.") at ¶¶ 4-5.[4]]  According to Ms. Cardwell, Catholic Charities reviewed and approved Missouri's ICPC request before submitting it to the Hawai`i ICPC

---

[4] Ms. Cardwell has been L.L. and C.L.'s foster care manager and their legal guardian since May 2016.  [Cardwell Decl. at ¶¶ 2-3.]

Deputy Compact Administrator ("DCA"),[5] but the DCA denied the ICPC request without consulting Ms. Cardwell or anyone else in Missouri.  [Id. at ¶ 7.]  Ms. Cardwell also states the Missouri ICPC office asked the Hawai`i ICPC office why the request was being denied.  The Hawai`i ICPC office initially refused to answer, but eventually said the request was denied because of Plaintiffs' ongoing lawsuit against DHS.  The Hawai`i ICPC office also stated that DHS had concerns about Plaintiffs and had no intention of placing any children in Plaintiffs' home. The Hawai`i ICPC office, however, refused to state what those concerns were.  [Id. at ¶ 8.]

On July 21, 2022, an entering order was issued informing the parties that this Court was granting Defendants' Motion for Summary Judgment ("7/21/22 EO Ruling").  Dkt. no. 226; see also Defendants' Motion for Summary Judgment, filed 4/13/23 (dkt. no. 180).  After the ruling was issued, the Missouri ICPC office contacted the Hawai`i ICPC office to either resubmit Missouri's ICPC request or seek reconsideration of the denial of the original request.  [Cardwell Decl. at ¶ 9.]  If the Hawai`i ICPC office would not grant either, the Missouri ICPC office demanded that the Hawai`i ICPC office identify its concerns about Plaintiffs.  [Id.]  According to Ms. Cardwell,

_____

[5] Pascual is the Hawai`i ICPC DCA.  See Pascual's Mem. in Opp., Declaration of Stacie Pascual ("Pascual Decl.") at ¶ 1.

the Hawai`i ICPC office said that the Island of Kaua`i did not have the services that L.L. and C.L. needed, and placing L.L. and C.L. in Plaintiffs' home may pose a threat to Plaintiffs' safety.  Ms. Cardwell states she told Shindell in early August 2022 about the response from the Hawai`i ICPC office.  [Id. at ¶ 10.]

Pascual submitted an August 3, 2022 email, written by her, stating the Hawai`i ICPC office was "declining to move forward with Missouri's request" because "Hawaii believes that the proposed placement is contrary to the interests of the children who require specialized care and training to meet their needs," and "Kauai is a rural island that struggles with its limited resources to meet the needs of its high needs youth." See Pascual Decl. at ¶ 10; Resubmission of Exhibit "A" to ECF No. 234, filed 2/17/23 (dkt. no. 240), Exh. A (emails dated 7/22/22 to 8/4/22 between Pascual, Candice Nahler, Child Placement Coordinator, Missouri Interstate Compact Office, and others) ("Resubmitted Exh. A") at 2.  In addition, Pascual's August 3, 2022 email stated "Hawaii also has real concerns regarding the safety of the prospective caregivers as it relates to the children's history of and current violent behaviors." [Resubmitted Exh. A at 2.]  In response to Ms. Nahler's inquiry regarding whether the dismissal of Plaintiffs' claims allowed the Hawai`i ICPC office to move forward with Missouri's ICPC

request, Pascual pointed out that, although the 7/21/22 EO
Ruling had been issued, Plaintiffs' lawsuit was still pending.
See id.

Ms. Cardwell believes that the reasons given by the
Hawai`i ICPC office were pretextual because, if those reasons
had been true, Catholic Charities would not have initially
approved the ICPC request, and DHS would have mentioned those
reasons when it initially denied the request to place L.L. and
C.L. with Plaintiffs.  Further, the Hawai`i ICPC office did not
mention the reasons that DHS had initially given for the denial
of placements with Plaintiffs, *i.e.,* that DHS had concerns about
Plaintiffs as caregivers.  [Cardwell Decl. at ¶ 10.]

Plaintiffs moved to Missouri temporarily so that they
could be licensed as foster parents by the State of Missouri and
L.L. and C.L. could be placed with them, instead of having L.L.
and C.L. come to Plaintiffs in Hawai`i.  [Motion for
Reconsideration, Decl. of Paul Shindell ("Shindell Decl.") at
¶¶ 2, 9-11.]  L.L. and C.L. were placed with Plaintiffs in their
Missouri home on September 29, 2022.  [Cardwell Decl. at ¶ 11.]

In the Motion for Reconsideration, Plaintiffs argue
the Hawai`i ICPC office's rejection of Catholic Charities'
approval of the request to place L.L. and C.L. with Plaintiffs
and the Hawai`i ICPC office's statement that DHS had no
intention of placing children with Plaintiffs are contrary to

Olevao's deposition testimony that DHS would not contradict a placement recommendation by Catholic Charities and that DHS was not excluding Plaintiffs from fostering.  See Motion for Reconsideration at 5 (citing Plaintiffs' Memorandum in Opposition of MSJ ECF 180 & 180-1, filed 5/18/22 (dkt. no. 192) ("MSJ Opp."), Exh. R (trans. excerpt of 12/20/21 depo. of Elladine Olevao ("Olevao Depo.")) at 50:25, 51:23-52:1).  Further, Plaintiffs point out that Yonekura referred them to the agency that Plaintiffs worked with to arrange L.L. and C.L.'s placement.  See id. at 5-6 (citing MSJ Opp., Exh. X at 67 (emails between Plaintiff and Yonekura, dated 1/21/21)).  Plaintiffs argue the denial of the ICPC request was malicious and supports their position that Defendants acted with malice throughout the events at issue in this case.  Plaintiffs therefore assert this Court should not have granted summary judgment in favor of Defendants.  See id. at 6.

## STANDARD

Because the 11/28 Order was case dispositive, Plaintiffs' Motion for Reconsideration is "governed by Fed. R. Civ. P. 59 or 60, as applicable."  See Local Rule LR60.1. Because no judgment has been issued in this case, Fed. R. Civ. P. 60 applies.  See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").  Rule 60(b) states, in pertinent part:

"On motion and just terms, the court may relieve a party or its legal representative from a final . . . order, or proceeding for the following reasons: . . . or (6) any other reason that justifies relief."  The Ninth Circuit has stated:

> We use Rule 60(b)(6) "sparingly as an equitable remedy to prevent manifest injustice." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).  To receive relief under Rule 60(b)(6), a party must demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." [Cmty. Dental Servs. v.] Tani, 282 F.3d [1164,] 1168 [(9th Cir. 2002)] (citing Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971) (per curiam)).

Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010) (some alterations in Lal).

As to motions for reconsideration in general, this district court has stated:

> A motion for reconsideration must:
> (1) demonstrate reasons that the court should reconsider its prior decision; and (2) must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Fisher v. Kealoha, 49 F. Supp. 3d 727, 734 (D. Haw. 2014).  The Ninth Circuit has said that reconsideration may be appropriate if:
> (1) the district court is presented with newly discovered evidence; (2) the district court committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law.  See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).
>
> Mere disagreement with a previous order is an insufficient basis for reconsideration.  Fisher, 49 F. Supp. 3d at 735.  This court

9

> "'enjoys considerable discretion in granting or
> denying the motion.'"  Allstate Ins. Co. v.
> Herron, 634 F.3d 1101, 1111 (9th Cir. 2011)
> (quoting McDowell v. Calderon, 197 F.3d 1253,
> 1255 n.1 (9th Cir. 1999) (en banc)).

Smith v. Frink, Civil No. 20-00377 SOM-RT, 2020 WL 7130511, at

*2 (D. Hawai`i Dec. 4, 2020) (footnote omitted).  Plaintiffs'

Motion for Reconsideration is based upon newly discovered

evidence.

**DISCUSSION**

**I.   Scope of the Issues on Reconsideration**

The newly discovered evidence described in Plaintiffs'

Motion for Reconsideration is not relevant to this Court's

Eleventh Amendment analysis.  See 11/28 Order at 9-16.  To the

extent that Plaintiffs seek reconsideration of Section II of the

11/28 Order, Plaintiffs have failed to present any ground that

warrants reconsideration.  The Motion for Reconsideration is

therefore denied as to Section II of the 11/28 Order.

The newly discovered evidence also does not affect

this Court's conclusion that a licensed resource caregiver -

i.e., a foster parent - does not have a constitutional right to

the placement of a foster child in his or her home, nor does it

affect this Court's conclusion that, even if such a

constitutional right is recognized, it was not clearly

established at the time of the events at issue in this case.

See id. at 17-18.

10

Plaintiffs' § 1983 retaliation claim ("Count VI") alleges Defendants retaliated against them for utilizing various methods, including litigating this case itself, to assert grievances related to the events at issue in this case.  See Plaintiffs' Amended Complaint and Request for Injunction, filed 12/31/21 (dkt. no. 147) ("Third Amended Complaint"), at pgs. 8-9.  In the Motion for Reconsideration, Plaintiffs appear to argue that Pascual's denial of the ICPC request to place L.L. and C.L. was in retaliation for Plaintiffs' pursuit of claims in this case.  Unlike the asserted right to the placement of a foster child in Plaintiffs' home, the right to petition the government for redress is a clearly established First Amendment right, made applicable to the State of Hawai`i through the Fourteenth Amendment.  Cf. Fulton v. City of Philadelphia, 141 S. Ct. 1868, 1876 (2021) (stating "[t]he Free Exercise Clause of the First Amendment [is] applicable to the States under the Fourteenth Amendment").  Even if Plaintiffs' ultimately unsuccessful claims asserting a right to the placement of a foster child had a reasonable basis in law or fact,[6] the

---

[6] "[T]he First Amendment right to petition the government includes the right to file other civil actions in court that have a reasonable basis in law or fact."  Silva v. Di Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011), _abrogated on other grounds by_ Coleman v. Tollefson, 575 U.S. 532 (2015), _as stated in_ Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

additional evidence Plaintiffs now present does not warrant reconsideration of the grant of summary judgment as to Count VI.

Pascual noted that this litigation was still on-going in her August 3, 2022 email to Ms. Nahler explaining why the Hawai`i ICPC office was not going forward with the request to place C.L. and L.L. with Plaintiffs.  See Resubmitted Exh. A at 2.  Ms. Cardwell also states the Hawai`i ICPC office cited the ongoing litigation as one of the reasons the request was being denied.  See Cardwell Decl. at ¶ 8.  However, even viewing the summary judgment record, together with the additional evidence presented in connection with the Motion for Reconsideration, in the light most favorable to Plaintiffs,[7] there is insufficient evidence to raise a genuine issue of material fact for trial as to the issue of whether Pascual denied the application in retaliation for Plaintiffs' continued litigation of the instant case.  Thus, there is insufficient evidence to raise a genuine issue of material fact for trial as to the issue of whether Pascual violated Plaintiffs' First Amendment rights.  See 11/28 Order at 16-17 (citing the qualified-immunity analysis).

The Motion for Reconsideration does not present any ground that warrants reconsideration of this Court's ruling that

---

[7] In making the rulings that Plaintiffs seek reconsideration of, this Court reviewed the record in the light most favorable to Plaintiffs.  See, e.g., 11/28 Order at 20 (citing Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013)).

the Individual Capacity Defendants are entitled to qualified immunity from Plaintiffs' 42 U.S.C. § 1983 claims against them. See id. at 19.  To the extent that Plaintiffs seek reconsideration of Section III of the 11/28 Order, the Motion for Reconsideration is denied.

Because Plaintiffs have not presented any ground that warrants reconsideration of the ruling that there was no constitutional violation, there is also no ground for reconsideration of the ruling in Section V of the 11/28 Order that the Official Capacity Defendants are entitled to summary judgment as to the portions of Plaintiffs' § 1983 claims seeking prospective relief.  See id. at 21-22.  In addition, Plaintiffs do not present any ground for reconsideration of the ruling in Section V that the Individual Defendants are entitled to summary judgment as to Counts X, XI, and XII, which allege violations of federal statutes that are not enforceable by private parties against a state official.  See id. at 22.  To the extent that Plaintiffs seek reconsideration of Section V of the 11/28 Order, the Motion for Reconsideration is denied.

## II.  <u>State Law Claims</u>

### A.  <u>Reconsideration</u>

The evidence that Plaintiffs present in connection with the Motion for Reconsideration is most relevant to the analysis in Section IV the 11/28 Order.  In Section IV, this

Court granted summary judgment in favor of the Individual Capacity Defendants as to Plaintiffs' state law claims against them,[8] based on the conditional privilege doctrine.  This Court found that Plaintiffs failed to present sufficient evidence to raise a genuine issue of material fact as to the issue of whether the Individual Defendants committed the acts and omissions at issue in this case with actual malice.  See id. at 21; see also id. at 19-20 (citing the qualified or conditional privilege doctrine).

> The Supreme Court of Hawai`i has held that "the phrase 'malicious or improper purpose' should be defined in its ordinary and usual sense," Awakuni v. Awana, 165 P.3d 1027, 1042 (Haw. 2007).  In Awakuni, the Supreme Court relied on *Black's Law Dictionary*, which defines "malicious" as "'[s]ubstantially certain to cause injury' and '[w]ithout just cause or excuse'"; and defines "malice" as "'[t]he intent, without justification or excuse, to commit a wrongful act[,]' 'reckless disregard of the law or of a person's legal rights[,]' and '[i]ll will; wickedness of heart.'" Id. (quoting *Black's Law Dictionary* 976–77 (8th ed. 2004)).

---

[8] Plaintiffs' state law claims are: their claim asserting violations of the Interstate Compact on the Placement of Children, as enacted in Haw. Rev. Stat. Chapter 350E ("Count I"); their claim alleging violations of their rights under the Bill of Rights to the Hawai`i State Constitution to freedom of speech, freedom of the press, freedom of assembly, and freedom to petition the government ("Count IV"); their claim alleging violations of their rights under the Bill of Rights to the Hawai`i State Constitution to due process and equal protection ("Count V"); their claim under the Whistleblowers' Protection Act, Haw. Rev. Stat. § 378-61, *et seq.*, ("Count VII"); their loss of consortium claim ("Count XIII"); and their negligence claims ("Counts XIV and XV").

14

Begley v. Cnty. of Kauai, CIVIL 16-00350 LEK-KJM, 2018 WL 3638083, at *6 (D. Hawai`i July 31, 2018) (alterations in Begley) (some citations omitted).

The additional evidence that Plaintiffs have presented is relevant to the issue of whether Pascual's actions were motivated by malice, but it does not constitute evidence of malice by any of the other Individual Capacity Defendants. Thus, Plaintiffs have not presented any ground that warrants reconsideration of this Court's ruling that Betts, Olevao, Yonekura, Kaauwai-Herrod, and Kashima, in their individual capacities, are entitled to summary judgment, based on the conditional privilege doctrine, as to Plaintiffs' state law claims against them. To the extent that Plaintiffs seek reconsideration as to those claims, the Motion for Reconsideration is denied.

Ms. Cardwell does not identify the person at the Hawai`i ICPC office who initially refused to provide the reasons why the Missouri ICPC request was being denied and who stated DHS had no intention of placing a child in Plaintiffs' home. See Cardwell Decl. at ¶ 8. However, Pascual is the Hawai`i ICPA DCA, see Pascual Decl. at ¶ 1, and other statements that Ms. Cardwell attributes to the Hawai`i ICPC office were made by Pascual, compare Cardwell Decl. at ¶ 10, with Resubmitted Exh. A at 2. Therefore, viewing the record in the light most favorable

15

to Plaintiffs, it can be reasonably inferred that the statements by the Hawai`i ICPC office that Ms. Cardwell describes in paragraph 8 of her declaration were made by Pascual.

Pascual disputes some of Ms. Cardwell's statements. For example, Ms. Cardwell states Catholic Charities initially approved Missouri's ICPC request to place L.L. and C.L. with Plaintiffs at their home on Kaua`i. See Cardwell Decl. at ¶¶ 7, 10. In contrast, Pascual states Catholic Charities Hawaii - Permanency Support Services ("CCH") "initially accepted Missouri's ICPC request concerning L.L. and C.L. and was prepared to conduct a home study," but CCH later decided not to accept the ICPC request, in light of DHS's concerns about Plaintiffs. [Pascual Decl. at ¶¶ 6, 8.] Pascual states the Hawai`i ICPC office never denied the proposed placement of L.L. and C.L. with Plaintiffs because CCH never submitted a recommendation to the Hawai`i ICPC office recommending that L.L. and C.L. be placed with Plaintiffs on Kaua`i. [Id. at ¶ 9.] If this Court had considered the evidence currently before it at the summary judgment stage, this Court could not have made credibility determinations nor weighed the evidence. See Estate of Lopez ex rel. Lopez v. Gelhaus, 871 F.3d 998, 1009 n.10 (9th Cir. 2017) ("At the summary judgment stage, '[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not

16

those of a judge.'" (alteration in <u>Lopez</u>) (quoting <u>Anderson v.</u>
<u>Liberty Lobby, Inc.,</u> 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L.
Ed. 2d 202 (1986))).

Without considering credibility and weight, this Court
finds that, when the evidence presented in connection with the
Motion for Reconsideration is considered together with the
evidence presented at the summary judgment stage, there is a
genuine issue of material fact for trial as to whether Pascual's
actions were motivated by malice.  Plaintiffs' Motion for
Reconsideration is granted, insofar as this Court withdraws the
portion of the 11/28 Order, Section IV, granting summary
judgment in favor of Pascual, in her individual capacity, as to
Plaintiffs' state law claims.[9]

**B.   <u>Disposition</u>**

In the 11/28 Order, this Court granted summary
judgment in favor of Defendants as to all of Plaintiffs' federal
law claims, and this Court has denied Plaintiffs' request for
reconsideration of those portions of the 11/28 Order.  The only
claims that remain in this case are Plaintiffs' state law claims
against Pascual.  The basis for jurisdiction in this case was
federal question.  <u>See</u> Third Amended Complaint at pg. 4 (citing

---

[9] Defendants' Motion for Summary Judgment only sought
summary judgment as to Plaintiffs' state law claims based on the
conditional privilege doctrine.  <u>See</u> Motion for Summary
Judgment, Mem. in Supp. of Motion at 10-12.

28 U.S.C. § 1331).  Jurisdiction over Plaintiffs' related state law claims was based on supplemental jurisdiction.  See 28 U.S.C. § 1367(a).  Because all of the claims over which this Court had federal question jurisdiction have been disposed of, this Court has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims against Pascual.  See 28 U.S.C. § 1367(c)(3); see also Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." (some citations omitted) (citing § 1367(c))); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point towards declining to exercise jurisdiction over the remaining state-law claims." (citation omitted)).  This Court finds that it is appropriate to decline to exercise supplemental jurisdiction under the circumstances of this case.

        If this Court exercises supplemental jurisdiction and this case proceeds to trial, in order to determine whether Pascual's actions were motivated by actual malice, the jury will be required to evaluate her testimony that she did not act for an improper purpose and that she acted only to fulfill her

duties as the Hawai`i ICPC DCA and her "responsibility to ensure
the safety and suitability of the home and that would meet the
needs of the children."  See Pascual Decl. at ¶ 11 (stating her
actions were not motivated by Plaintiffs' pursuit of this
litigation); id. at ¶ 12 (stating she "never at any time had any
malice or ill-will toward the Plaintiffs").  This will include
considering her testimony about the request to place L.L. and
C.L. with Plaintiffs.  The jury will have to evaluate Pascual's
testimony that the reason the Hawai`i ICPC office decided not to
move forward with the request was because the limited resources
available on Kaua`i may be insufficient to meet the "specialized
care and treatment" that L.L. and C.L. require.  See Pascual
Decl. at ¶ 10; see also Resubmitted Exh. A at 2 ("Kauai is a
rural island that struggles with its limited resources to meet
the needs of its high needs youth").  The jury will need to
determine whether this reason was pretext for actual malice.

Evaluating the ability to provide services and
treatment to foster and adopted children on Kaua`i is a state
law matter that should be done in the state courts, not before
this Court.  This Court therefore, as a matter of discretion,
declines to exercise supplemental jurisdiction over Plaintiffs'

state law claims against Pascual.  Those claims are dismissed
without prejudice to refiling in state court.[10]

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for
Reconsideration of ECF 229, filed December 10, 2022, is HEREBY
GRANTED IN PART AND DENIED IN PART.  The Motion for
Reconsideration is GRANTED, insofar as this Court WITHDRAWS the
portion of this Court's November 28, 2022 Order Granting
Defendants' Motion for Summary Judgment that granted summary
judgment in favor of Pascual as to Plaintiffs' state law claims
against her, based on the conditional privilege doctrine.
Defendants' Motion for Summary Judgment, filed April 13, 2022,
is DENIED as to Plaintiffs' state law claims against Pascual.
Plaintiffs' Motion for Reconsideration is DENIED in all other
respects.

Because all of Plaintiffs' federal law claims have
been disposed of, this Court declines to exercise supplemental

---

[10] If Plaintiffs file a complaint in state court to assert
their state law claims against Pascual, the statute of
limitations on those state law claims would be tolled for the
period that the instant case was pending.  See 28 U.S.C.
§ 1367(d) ("The period of limitations for any claim asserted
under subsection (a) . . . shall be tolled while the claim is
pending and for a period of 30 days after it is dismissed unless
State law provides for a longer tolling period."); Artis v.
Dist. of Columbia, 138 S. Ct. 594, 598 (2018) (holding that
"§ 1367(d)'s instruction to 'toll' a state limitations period
means to hold it in abeyance, i.e., to stop the clock").

jurisdiction over Plaintiffs' state law claims against Pascual. Those claims are therefore DISMISSED WITHOUT PREJUDICE to refiling in state court.

There being no remaining claims in this case, the Clerk's Office is DIRECTED to enter judgment, pursuant to the 11/28 Order and the instant Order, on **July 17, 2023**, unless a timely motion for reconsideration of this Order is filed.  For purposes of § 1367(d), the dismissal of Plaintiffs' state law claims against Pascual does not take effect until the entry of judgment.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 30, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

DR. ALYSSA FRIEDBERG, ET AL. VS. CATHY BETTS, ET AL.; CV 21-00068 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION OF ECF 229 AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' REMAINING STATE LAW CLAIMS